# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

| | |
|---|---|
| **CRYSTAL MILLER,**<br>　　**Plaintiff,**<br><br>v.<br><br>**SABR EXPRESS, INC.,**<br>**ELDOR SATTAROV, AND**<br>**WERNER ENTERPRISES, INC.,**<br>　　**Defendants.** | **CIVIL ACTION FILE**<br>**NO.  3:2023cv00102** |

## **FIRST AMENDED COMPLAINT**

　　COMES NOW Crystal Miller, ("Plaintiff"), who files this First Amended Complaint against the above-named Defendants as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff resides in Chatham County, Georgia.
2. Defendant SABR Express, Inc. is an Illinois corporation, whose principal place of business is located at 13254 Grill Dr. Plainfield, IL 60585.
3. Defendant Eldor Sattarov, upon information and belief, is the owner and registered agent for SABR Express. He is also the driver of the tractor at issue and resides at 13254 Grill Dr. Plainfield, IL 60585.
4. Defendant Werner Enterprises is the owner of the trailer at issue. Its GA registered agent resides at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, GA, 21006.
5. Jurisdiction and venue are proper in this Court.

### FACTS

6. Upon information and belief, as of September 14, 2022, a Werner Enterprises trailer number 367018 had been lost for weeks, as Werner claims.
7. Werner claims that a nationwide 3G outage interfered with Werner's ability to track its trailers using GPS transponders at that time.
8. That day, Defendant Sattarov hauled the trailer.
9. While passing through Dublin, Georgia, the trailer improperly backed into Plaintiff's vehicle.
10. Plaintiff suffered injuries.

11. Sattarov fled.

12. Police, who later reported to the scene, never apprehended him.

13. Later the same day, Sattarov delivered the Werner trailer to a Home Depot, one of Werner Enterprise's customers.

14. It was later revealed that well after the collision, Werner approved Sattarov/SABR as one of its authorized third party motor carriers, but that authority was later revoked.

## COUNT 1: NEGLIGENCE: ALL DEFENDANTS

15. Plaintiff re-alleges and incorporates the preceding allegations as if fully restated herein.

16. Defendants breached the following duties:
    a. Failing to maintain a proper lookout (Defendant Sattarov);
    b. Improperly backing into a vehicle (*see* O.C.G.A. § 40-6-40) (Defendant Sattarov); and
    c. Causing a hit-and-run (*see* O.C.G.A. § 40-6-270) (Defendant Sattarov);
    d. Violating Federal Motor Carrier Safety Administration (F.M.C.S.A.) Rules (all Defendants)

17. Defendants otherwise failed to exercise reasonable care, like similarly situated drivers, motor carriers, or companies would have done, under the circumstances.

18. As a result of this negligence, Plaintiff suffered injuries.

19. This negligence caused Plaintiff's injuries.

## COUNT 2: VICARIOUS LIABILITY: SABR AND WERNER

20. Plaintiff re-alleges and incorporates the allegations contained in the preceding as if fully restated herein.

21. Defendant Sattarov acted within the course and scope of his employment with SABR Express, Inc.

22. SABR Express is vicariously liable to Ms. Miller for damages caused by its employee.

23. Alternatively, to the extent that Werner exercised sufficient control over Sattarov's or SABR's conduct, Werner is also vicariously liable for their torts.

24. But for this negligence, the instant collision would not have occurred.

## COUNT 3: NEGLIGENT EQUIPPING & TRACKING: WERNER

25. Before (and on) September 14, 2022, Werner knew (or should have known) of a nationwide 3G outage that would eliminate or decrease its ability to monitor tractors and trailers on the road using GPS transponders.

26. CFR § 396.3 required Werner to properly inspect, repair, and maintain its trailer.

27. Werner also knew or should have known to adequately plan for the outage.

28. However, Werner failed to adequately plan for and equip its tractors and trailers with tracking devices, among other things, to prepare for this outage.

29. Werner otherwise failed to equip the tractor or trailer with sufficient electronic or technological capabilities on the date of the incident.

30. Therefore, on the date of the incident, and in the weeks before, Werner claims to have lost the ability to monitor the location of the tractor and trailer which backed into Plaintiff.

31. Had Werner adequately equipped its trailers with appropriate GPS tracking devices, among other things, it would have tracked the location of the trailer and driver and ultimately prevented any unreasonable dangers to drivers posed by them.

32. But for Werner's negligence, the collision would not have occurred.

### COUNT 4: NEGLIGENT ENTRUSTMENT: WERNER

33. Plaintiff re-alleges and incorporates the allegations in the above paragraphs as if fully restated herein.

34. During the wreck, Defendant Sattarov transported a tractor-trailer owned by Werner.

35. On (or before) the day of the wreck, upon information and belief, Werner actually or constructively knew that Sattarov was unqualified to transport the trailer.

36. However, upon information and belief, Werner negligently entrusted the trailer to Sattarov, who was later approved to deliver loads after the wreck.

37. This negligence directly and proximately caused the wreck and injuries to Ms. Miller.

### COUNT 5:  NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING: WERNER & SABR

38. Plaintiff re-alleges and incorporates the above allegations as if fully restated herein.

39. Werner and SABR Express both had a duty to determine the competency of Defendant Sattarov to operate the commercial vehicle that caused Ms. Miller's injuries.

40. Werner failed to adhere to its legal duties in the following ways:
    a. It failed to adequately monitor the location of its trailer so that it did not fall into the hands of an unauthorized driver.
    b. To the extent that it approved Sattarov's operation of the trailer, Werner:
        i. failed to adequately investigate Eldor Sattarov's qualifications to do so.

      ii. failed to ensure that Eldor Sattarov was fit to operate a commercial vehicle in a reasonably safe manner.

      iii. failed to properly train Eldor Sattarov to safely operate a commercial vehicle; and

  **c.** It otherwise breached its duties to carefully hire, train, retain, and supervise its Eldor Sattarov.

41. Defendants' negligence is a proximate and actual cause of Ms. Miller's injuries.

## PUNITIVE DAMAGES

42. Plaintiffs re-allege and incorporate the above paragraphs as if fully restated herein.
43. Defendant Sattarov fled the scene of the wreck, increasing the risk of danger to Ms. Miller.[i]
44. Sattarov and SABR were consciously indifferent to the consequences of the wreck and to allowing a driver without the proper skills and qualifications to operate a commercial vehicle on the roadway.
45. Sattarov and SABR had a pattern, practice, or culture of unsafe driving, leading to this wreck.
46. To the extent that Werner approved or allowed Sattarov to operate its trailer or tractor for weeks without authorization, Werner is also liable in punitive damages for its wantonness.
47. Further, to the extent that Werner exercised sufficient control over SABR/Sattarov during this time, Werner is liable in punitive damages for Sattarov's consciously indifferent behavior.
48. Under O.C.G.A. § 51-12-5.1(b), these Defendants are otherwise liable for their pattern of willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise a presumption of conscious indifference to consequences.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that they have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recovers past medical expenses of $35,065.18 and lost wages.
b. That Plaintiff recovers all future medical expenses and lost wages in an amount to be proven at trial.
c. That Plaintiff recovers for all pain and suffering non-economic damages, such as shock, fright, anxiety, diminished capacity to labor and earn, fear of extent of injury, physical pain, loss of bodily health and vigor, and all other legally permissible line items of general damages, in an amount to be determined by the enlightened conscience of the jury.

d. That Plaintiff recovers punitive damages for defendant's willful, wanton, reckless, and intentional misconduct, when amongst other things, Defendant fled the scene of the collision, under O.C.G.A. § 51-12-5.2.

e. The Plaintiff recovers attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11 for Defendant Eldor Sattarov's bad faith in causing the hit-and-run collision.

f. That all issues be tried before a jury of 12.

g. That Plaintiff recovers such other and further relief as is just and proper.

Monday, August 26, 2024.

THE MANCE LAW FIRM, LLC

By:

*/s/Chadrick A. Mance*
Chadrick A. Mance
Georgia Bar No. 703877
Attorney for Plaintiff

24 Commerce Place, Suite C
Savannah, GA 31406
Tel: 912-574-4529
Fax:  888-503-5219
E-mail:  info@mancelaw.com

---

[i] Bellamy v. Edwards, 181 Ga. App. 887, 889, 354 S.E.2d 434 (1987)("leaving the scene of a collision without even speaking to the other party…was an intentional and culpable act… demonstrate[ing] a conscious indifference to the consequences and an entire want of care as to the victim's well-being, permitting the jury to find that such conduct was of an aggravated…for purposes of imposing punitive damages.")

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day placed the **First Amended Complaint.,** via email/electronic service, addressed as follows:

Sandro Stojanovic
sandro.stojanovic@qpwblaw.com

Monday, August 26, 2024.

THE MANCE LAW FIRM, LLC

*/s/Chadrick A. Mance*
Chadrick A. Mance
Georgia Bar No. 703877
Attorney for Plaintiff

24 Commerce Place, Suite C
Savannah, GA 31406
Tel: 912-574-4529
Fax: 888-503-5309
Email: info@mancelaw.com